```
USDC SDNY
DOCUMENT
ELECTR       ALLY FILED
DOC #:
DATE FILED:   07/09/2013
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES AND EXCHANGE            :
COMMISSION,                        :
                                   :
            Plaintiff,             :
                                   :
      v.                           :
                                   :
MAGDALENA TAVELLA,                 :
ANDRES HORACIO FICICCHIA, GONZALO  :  Civil Action No. 13 CV 4609 (NRB)
GARCIA BLAYA, LUCIA MARIANA        :
HERNANDO, CECILIA DE LORENZO,      :
ADRIANA ROSA BAGATTIN,             :
DANIELA PATRICIA GOLDMAN,          :
MARIANO PABLO FERRARI,             :
MARIANO GRACIARENA, and            :
FERNANDO LOUREYRO,                 :
                                   :
            Defendants.            :
                                   :

---

## TEMPORARY RESTRAINING ORDER FREEZING ASSETS
## AND GRANTING OTHER RELIEF AND ORDER TO SHOW
## CAUSE WHY THE ASSET FREEZE SHOULD NOT CONTINUE

On the application of Plaintiff Securities and Exchange Commission ("Commission") for

an *ex parte* Order: (1) temporarily freezing the brokerage accounts of the defendants holding

Biozoom, Inc. shares or in which any Biozoom, Inc. shares were once held on behalf of the

defendants and freezing any accounts held by financial institutions or brokers that have the proceeds

of the Biozoom sales on behalf of the defendants;; (2) requiring repatriation of proceeds from the

sale of Biozoom, Inc. shares sold by any defendants; (3) preventing document alteration or

destruction; (4) expediting discovery in this action; (5) providing for alternative means of

service; and (6) requiring defendants to show cause why the Court should not issue a Preliminary

Injunction and impose other relief against defendants against them:

The Court, having considered the Complaint in this action; the Declarations of Ricky Sachar and David Lubin and the Memorandum of Points and Authorities in support of the Motion for Temporary Restraining Order, makes the following findings:

1.     This Court has jurisdiction over the subject matter of this action and over Defendants.

2.     The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 (15 U.S.C. § 77t(b)) by evidence establishing a *prima facie* case and a strong likelihood that the Commission will prevail at trial on the merits and that the defendants Magdalena Tavella, Andres Horacio Ficicchia, Gonzalo Blaya, Lucia Hernando, Cecilia De Lorenzo, Adriana Rosa Bagattin, Daniela Patricia Goldman, and Mariano Pablo Ferrari (collectively, the "Selling Defendants"), directly or indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Section 5(a) and 5(c) of the Securities Act of 1933 (15 U.S.C. § 77e(a) and (c))).

3.     The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 (15 U.S.C. § 77t(b)) by evidence establishing a *prima facie* case and a strong likelihood that the Commission will prevail at trial on the merits and that the defendants Mariano Graciarena and Fernando Loureyro, directly or indirectly, are about to engage in, unless restrained and enjoined by order of this Court, acts, practices, and courses of business constituting violations of Sections 5(a) and 5(c) of the Securities Act of 1933  (15 U.S.C. § 77e(a) and (c)).

4.     There is good cause to believe that, unless restrained and enjoined by order of this Court, defendants will dissipate, conceal, or transfer from the jurisdiction of this Court assets

which could be subject to an order directing disgorgement or the payment of civil money penalties in this action. It is appropriate for the Court to issue this Temporary Restraining Order *ex parte* so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

5.      There is good cause to believe that an asset freeze with respect to shares of Biozoom and any proceeds of sales thereof is appropriate.

6.      There is good cause to believe that it is necessary to preserve and maintain the business records of Defendants from destruction.

7.      There is good cause to believe that expedited discovery is appropriate.

8.      There is good cause to believe that such other and further relief as contained in this Order is necessary and appropriate.

9.      Therefore, the Commission's motion is GRANTED,

## I.      TEMPORARY RESTRAINING ORDER AND LIMITED ASSET FREEZE

IT IS HEREBY ORDERED that, pending the determination of the Commission's Motion for a Preliminary Injunction or hearing on the merits:

(A)      Defendants and their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, hold and retain within their control, and otherwise prevent any disposition, sale, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any shares of Biozoom, Inc. and all proceeds derived from sales of Biozoom, Inc. under their control or over which they exercise actual or apparent investment or other authority, wherever located, in whatever form such assets may presently exist including.

3

(B)     That any financial or brokerage institution or other person or entity holding any funds or other assets in the name of, for the benefit of, or under the control of defendants, their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, wherever located, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court, including all shares of Biozoom, Inc. held on behalf of defendants.

## II.     REPATRIATION

IT IS HEREBY FURTHER ORDERED that, within 72 hours of notice of the entry of this Order, each defendant shall repatriate all assets obtained from the sale of Biozoom, Inc. shares that are now located outside the territorial limits of the United States, and that each defendant direct the return of such assets to the Registry of the Court, pending conclusion of this matter.

## III.    PRESERVATION OF DOCUMENTS

IT IS HEREBY FURTHER ORDERED that, defendants and his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions involving or related in any way to Biozoom, Inc., any proceeds from the sale or transfer of Biozoom, Inc. stock, any accounts holding or through which Biozoom, Inc. stock was traded or proceeds derived from sales were deposited, and any communications concerning the foregoing. As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten

notation or otherwise) of all written or graphic matter, whether in paper, electronic, or any other form, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, correspondence, memoranda, minutes, telephone records, e-mails, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

## IV.   ALTERNATIVE MEANS OF SERVICE OF PROCESS

IT IS HEREBY FURTHER ORDERED that, pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers, including the Summons, the Complaint, this Order and all documents filed in support thereof, and all other documents to be served in this action, may be made personally, by facsimile, by overnight courier, or by electronic mail upon each defendant, his attorney, his U.S. agents or his foreign agents to the extent permitted by law, or by an alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, or as this Court may direct by further order.

## V.   EXPEDITED DISCOVERY

IT IS HEREBY FURTHER ORDERED that, the Commission's application for expedited discovery concerning Defendants, their assets and activities, is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and Rule 30.1A of the Local Rules of this Court, discovery shall proceed as follows:

(A)   Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the Commission may take depositions upon oral examination on two days notice of any such deposition.  Depositions may be taken Monday through Saturday.  As to each defendant and his agents, servants, employees, brokers and associates, the Commission may depose

such witnesses after serving a deposition notice by facsimile, hand or overnight courier upon such individuals, and without serving a subpoena on such witness.  Depositions which have not been signed by the witness may be used for purposes of the hearing on plaintiff Commission's application for a preliminary injunction;

(B)     Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, each defendant shall answer the Commission's interrogatories within three days of service of such interrogatories upon Defendant;

(C)     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each defendant shall produce all documents requested by the Commission within three days of service of such request, with production of the documents made to Patrick M. Bryan, U.S. Securities and Exchange Commission, or such other person or place as counsel for the Commission may direct in writing;

(D)     Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, each Defendant shall respond to the Commission's requests for admissions within three days of such requests; and

(E)     All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by hand or overnight courier to the Commission to the attention of Patrick M. Bryan, 100 F Street NE, Mail Stop 5985, Washington, DC 20549-5985, or such other place and person as counsel for the Commission may direct in writing.

## VI.     ORDER IS BINDING ON ALL PERSONS WITH ACTUAL NOTICE OF THE ORDER

IT IS HEREBY FURTHER ORDERED, that this Order shall be, and is, binding upon each Defendant, and each of his agents, servants, employees, attorneys-in-fact, and those persons

in active concert or participation with him who receive actual notice of this Order by personal service, facsimile service, or service in accordance with Section V of this Order, or otherwise.

## VII.  TO SHOW CAUSE, IF ANY EXISTS, WHY THIS COURT SHOULD NOT ENTER A PRELIMINARY INJUNCTION

IT IS HEREBY FURTHER ORDERED, that each Defendant or his attorneys shall appear before this Court at _11_ o'clock, _a_.m., on the _17th_ day of _July_, 2013, in Room _21A_ of the United States Courthouse, New York, New York, or as soon thereafter as he can be heard, and in any event prior to the expiration of this Order, to show cause, if any exists, why this Court should not enter a preliminary injunction extending the asset freeze granted in this Order until a final adjudication on the merits may be had.  Defendants shall serve any papers in opposition to such relief by hand delivery or overnight courier service to the Commission's counsel, Patrick M. Bryan, Assistant Chief Litigation Counsel, Securities and Exchange Commission, 100 F Street, NE, Mail Stop 5985, Washington, DC, 20549-5985, or via email to bryanp@sec.gov, no later than three full business days before such hearing.  The Commission may serve and file a reply no later than 24 hours before the hearing, and shall serve such reply brief, if any, on each defendant or his attorney by facsimile transmission, email, courier service, or other means as the Commission may reasonably determine will give defendants or their attorneys prompt delivery of these papers.

## VIII.  OTHER RELIEF

IT IS HEREBY FURTHER ORDERED, that the United States Marshall in any district in which any Defendant resides, transacts business or may be found is authorized and directed to make service of process upon any Defendant at the request of the SEC.

IT IS HEREBY FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

IT IS HEREBY FURTHER ORDERED that pursuant to Federal Rule of Civil Procedure 65(c), no security is required of the SEC.

**SO ORDERED:**

Dated this ___3 2___ day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE