UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MAGDALENA TAVELLA, ANDRES HORACIO FICICCHIA, GONZALO GARCIA BLAYA, LUCIA MARIANA HERNANDO, CECILIA DE LORENZO, ADRIANA ROSA BAGATTIN, DANIELA PATRICIA GOLDMAN, MARIANO PABLO FERRARI, MARIANO GRACIARENA, and FERNANDO LOUREYRO,

Defendants.

Civil Action No. 13-CIV-4609 (NRB)

Judge Naomi Reice Buchwald

**STIPULATION AND ORDER GRANTING PRELIMINARY INJUNCTION, ASSET FREEZE, AND OTHER RELIEF**

This cause having come before the Court previously on July 3, 2013, on Plaintiff Securities and Exchange Commission's ("Commission's") Motion for a Temporary Restraining Order and Asset Freeze and For an Order to Show Cause Why a Preliminary Injunction Should Not Be Issued, the Court having considered the Commission's Complaint, motion, supporting memorandum of law, and the exhibits and declarations submitted in support of the Plaintiff's motion, and the Plaintiff and all Defendants by counsel having appeared and, without admitting any wrongdoing, consented to the entry of this Order, this Court finds as follows:

1. On July 3, 2013, this Court entered an order that, among other relief granted, enjoined the disposition, sale, transfer, pledge, encumbrance, assignment, concealment, or other

disposal of stock of Biozoom, Inc. (hereafter "Biozoom") or the proceeds derived from the sale thereof; froze accounts holding funds or assets of the Defendants; and ordered preservation of documents related to Biozoom, any proceeds from the sale or transfer of Biozoom stock, or related to accounts through which Biozoom stock was traded or proceeds derived from the sale thereof were deposited, and all communications concerning the foregoing. The Order entered on July 3, 2013 also set a hearing for this matter on July 17, 2013 at 11:00 a.m.

2. There is no admission by Defendants that the allegations in the Complaint filed by the Commission are true or accurate.

3. Defendants have consented and stipulated to the entry of this Order, which continues the asset freeze and other relief set forth below, pending final adjudication of this case or until further order of this Court.

**IT IS THEREFORE ORDERED:**

**A. ASSET FREEZE ORDER**

IT IS HEREBY ORDERED that, until a final adjudication on the merits may be had, Defendants and each of their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, hold and retain within their control, and otherwise prevent any disposition, sale, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any shares of Biozoom and all proceeds derived from sales of Biozoom stock under their control or over which they exercise actual or apparent investment or other authority, wherever located, in whatever form such assets may presently exist, or in any account whatsoever.

IT IS FURTHER ORDERED that the freeze described in this Section A, includes but is not limited to all Biozoom stock and all funds in the following accounts (hereafter, "Group A Accounts"):

(i) Andres Horacio Ficicchia's account at Legend Securities, Inc. with account number ending in "CICC".

(ii) Andres Horacio Ficicchia's account at Scottsdale Capital Advisors, Inc. with account number ending 2927.

(iii) Gonzalo Garcia Blaya's account at Legend Securities, Inc. with account number ending in "LAYA".

(iv) Luciana Mariana Hernando's account at Legend Securities, Inc. with account number ending in "ANDO".

(v) Cecilia De Lorenzo's account at Legend Securities, Inc. with account number ending in "ENZO".

(vi) Magdalena Tavella's account Scottsdale Capital Advisors, Inc. with account number ending 3831.

(vii) Adriana Rosa Bagattin's account at Scottsdale Capital Advisors, Inc. with account number ending 5435.

(viii) Daniela Patricia Goldman's account at Scottsdale Capital Advisors, Inc. with account number ending 3536.

(ix) Mariano Pablo Ferrari's account at Scottsdale Capital Advisors, Inc. with account number ending 5327.

IT IS FURTHER ORDERED that the freeze described in this Section A further includes but is not limited to all Biozoom stock, and all proceeds from the sale or disposition of Biozoom

stock in any other accounts whatsoever, including but not limited to the following accounts (hereafter, "Group B Accounts"), whether deposited directly or transferred from another account:

(i) Luciana Mariana Hernando's account at Hellenic Bank Public Company Limited in Lemesos, Cyprus, with an account number ending in – 13 01.

(ii) Adriana Rosa Bagattin's account at FBME Bank Limited in Nicosia, Cyprus, with an account number ending in – 644.

(iii) Daniela Patricia Goldman's account at CBH Compagnie Bancaire Helvetique SA in Geneva, Switzerland with an account number ending in – 345.

(iv) Mariano Pablo Ferrari's account at HSBC Bank in Panama City, Panama, with an account number ending in – 590.

(v) Mariano Pablo Ferrari's account at Choice Bank Limited in Belize City, Belize, with an account number ending in – 521.

IT IS HEREBY FURTHER ORDERED that any financial or brokerage institution or other person or entity holding any funds or other assets derived or related to the sale of Biozoom stock, in the name of, for the benefit of, or under the control of defendants, their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, wherever located, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court, including all shares of Biozoom held on behalf of Defendants, and including but not limited to: (a) all funds and Biozoom stock in the Group A Accounts; and (b) all funds in the Group B Accounts that are proceeds from the sale of Biozoom stock, whether deposited directly in those accounts or transferred from other accounts.

## B. PRELIMINARY INJUNCTION FROM VIOLATIONS OF SECURITIES ACT SECTION 5

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise shall be and are hereby preliminarily restrained and enjoined, pending entry of a Final Judgment in this action, from violating Section 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**C. ORDER PROHIBITING DESTRUCTION OF RECORDS**

IT IS HEREBY FURTHER ORDERED that Defendants and their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions involving or related in any way to Biozoom, any proceeds from the sale or transfer of Biozoom stock, any accounts holding or

through which Biozoom stock was traded or proceeds derived from sales were deposited, including but not limited to the Group A Accounts and Group B Accounts, and any communications concerning the foregoing. As used in this Order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, whether in paper, electronic, or any other form, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, correspondence, memoranda, minutes, telephone records, e-mails, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

**D. ORDER PROVIDING ALTERNATIVE MEANS OF SERVICE**

IT IS HEREBY FURTHER ORDERED that, pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers, this Order and all documents filed in support thereof, and all other documents to be served in this action, may be made personally, by facsimile, by overnight courier, or by electronic mail upon each Defendant, his or her attorney, his or her U.S. agents or his or her foreign agents to the extent permitted by law, or by an alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, or as this Court may direct by further order.

**E. ORDER IS BINDING ON ALL PERSONS WITH ACTUAL NOTICE OF THE ORDER**

IT IS HEREBY FURTHER ORDERED, that this Order shall be, and is, binding upon each Defendant, and each of his or her agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him or her who receive actual notice of this Order by personal service, facsimile service, or service in accordance with Section D of this Order, or otherwise.

**F. OTHER RELIEF**

IT IS HEREBY FURTHER ORDERED, that the United States Marshall in any district in which any Defendant resides, transacts business or may be found is authorized and directed to make service of process upon any Defendant at the request of the Commission.

**G. TIME FOR DEFENDANTS TO RESPOND TO COMPLAINT**

Defendants shall answer or otherwise respond to the Commission's Complaint on or before August 26, 2013.

IT IS HEREBY FURTHER ORDERED that this Stipulation and Order may be modified for good cause shown, and this Court shall retain jurisdiction of this matter for all purposes.

IT IS HEREBY FURTHER ORDERED that pursuant to Federal Rule of Civil Procedure 65(c), no security is required of the Commission.

**SO ORDERED:**

Dated this _____ day of July, 2013.

______________________________
Judge Naomi Reice Buchwald

STIPULATED AND AGREED:

FOR PLAINTIFF:

______________________________ 7/16/2013

Richard E. Simpson (RS5859)
David J. Gottesman (admitted pro hac vice)
Patrick M. Bryan (admitted pro hac vice)
U.S. Securities & Exchange Commission
100 F Street, NE Washington, DC 20549
Telephone: (202) 551-4420
Fax: (202) 772-9245
SimpsonR@sec.gov
GottesmanD@sec.gov
BryanP@sec.gov

FOR DEFENDANTS:

______________________________

Bruce A. Langer
McLaughlin & Stern, LLP
260 Madison Avenue
New York, NY 10016-2404
Telephone (202) 448-6216
Fax: (202) 448-0066
sschuster@mclaughlinstern.com
blanger@mclaughlinstern.com