UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 1/9/2015 |
| Plaintiff, | : | |
| v. | : | |
| MAGDALENA TAVELLA, ANDRES HORACIO FICICCHIA, GONZALO GARCIA BLAYA, LUCIA MARIANA HERNANDO, CECILIA DE LORENZO, ADRIANA ROSA BAGATTIN, DANIELA PATRICIA GOLDMAN, MARIANO PABLO FERRARI, MARIANO GRACIARENA, and FERNANDO LOUREYRO, | : | Civil Action No. 13-CIV-4609<br><br>Judge Naomi Reice Buchwald |
| Defendants. | : | |

**FINAL DEFAULT JUDGMENT AND ORDER GRANTING INJUNCTIVE AND OTHER RELIEF AGAINST DEFENDANTS MAGDALENA TAVELLA, ANDRES HORACIO FICICCHIA, GONZALO GARCIA BLAYA, LUCIA MARIANA HERNANDO, CECILIA DE LORENZO, ADRIANA ROSA BAGATTIN, DANIELA PATRICIA GOLDMAN, AND MARIANO PABLO FERRARI**

**WHEREAS** this matter came before this Court on the Motion of Plaintiff Securities and Exchange Commission ("Commission"), seeking entry of a judgment by default, and providing the relief requested in its Complaint against defendants Magdalena Tavella, Andres Horacio Ficicchia, Gonzalo Garcia Blaya, Lucia Mariana Hernando, Cecilia De Lorenzo, Adriana Rosa Bagattin, Daniela Patricia Goldman, and Mariano Pablo Ferrari (collectively, the "Defaulting Defendants"); and

**WHEREAS** the Court has entered a Memorandum and Order dated January 6, 2015, in which the Court concluded that the Commission is entitled to a final judgment

1

against the Defaulting Defendants that permanently enjoins them from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77(e)], (2) orders the Defaulting Defendants to individually disgorge ill-gotten gains, and (3) imposes civil penalties; and

**WHEREAS** the Court deferred judgment to afford the Commission an opportunity to supplement its submission as to the amount of prejudgment interest that should be disgorged; and

**WHEREAS** the Commission has submitted a proposed order "in lieu of such supplemental submission on prejudgment interest," which the Court interprets as abandoning the Commission's claim to prejudgment interest on the disgorgement amounts; it is hereby

**ORDERED THAT**:

**I.**

Defaulting Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this final judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

Defaulting Defendants (Magdalena Tavella, Andres Horacio Ficicchia, Gonzalo Garcia Blaya, Lucia Mariana Hernando, Cecilia De Lorenzo, Adriana Rosa Bagattin, Daniela Patricia Goldman, and Mariano Pablo Ferrari) are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock as defined by Section 3(a)(51) of the Securities Exchange Act of 1934 [15 U.S.C. §78c(a)(51) and Rule 3a51-1 thereunder [17 C.F.R. § 240.3a51-1].

## III.

Defendants are liable for disgorgement (representing profits gained as a result of the conduct alleged in the Complaint), and civil penalties pursuant to Section 20(d) of the Securities [15 U.S.C. § 77t(d)], in the following amounts:

| Defendant | Disgorgement Amount | Civil Penalty | Total |
|---|---|---|---|
| Magdalena Tavella | $3,107,819 | $160,000 | $3,267,819 |
| Andres Horacio Ficicchia | $1,948,339 | $160,000 | $2,108,339 |
| Gonzalo Garcia Blaya | $3,008,200 | $160,000 | $3,168,200 |
| Lucia Mariana Hernando | $5,042,771 | $160,000 | $5,202,771 |
| Cecilia De Lorenzo | $4,801,536 | $160,000 | $4,961,536 |
| Adriana Rosa Bagattin | $6,216,380 | $160,000 | $6,376,380 |
| Daniela Patricia Goldman | $3,764,306 | $160,000 | $3,924,306 |
| Mariano Pablo Ferrari | $5,447,450 | $160,000 | $5,607,450 |

Defendants shall satisfy these obligations within ten business days and make payment of all funds to the Commission, which shall provide detailed ACH transfer/Fedwire instructions upon request. The Defendants shall satisfy these obligations from proceeds contained in their various accounts including, but not limited to, the following:

- Andres Horacio Ficicchia's account at Legend Securities, Inc. with account number ending in "CICC".

4

- Andres Horacio Ficicchia's account at Scottsdale Capital Advisors, Inc. with account number ending 2927.

- Gonzalo Garcia Blaya's account at Legend Securities, Inc. with account number ending in "LAYA".

- Luciana Mariana Hernando's account at Legend Securities, Inc. with account number ending in "ANDO".

- Luciana Mariana Hernando's account at Hellenic Bank Public Company Limited in Lemesos, Cyprus, with an account number ending in – 1301.

- Cecilia De Lorenzo's account at Legend Securities, Inc. with account number ending in "ENZO".

- Magdalena Tavella's account Scottsdale Capital Advisors, Inc. with account number ending 3831.

- Adriana Rosa Bagattin's account at Scottsdale Capital Advisors, Inc. with account number ending 5435.

- Adriana Rosa Bagattin's account at FBME Bank Limited in Nicosia, Cyprus, with an account number ending in – 644.

- Daniela Patricia Goldman's account at Scottsdale Capital Advisors, Inc. with account number ending 3536.

- Daniela Patricia Goldman's account at CBH Compagnie Bancaire Helvetique SA in Geneva, Switzerland with an account number ending in – 345.

- Mariano Pablo Ferrari's account at Scottsdale Capital Advisors, Inc. with account number ending 5327.

- Mariano Pablo Ferrari's account at HSBC Bank in Panama City, Panama, with an account number ending in – 590.

- Mariano Pablo Ferrari's account at Choice Bank Limited in Belize City, Belize, with an account number ending in – 521.

### IV.

In partial satisfaction of the amounts owed by Defendants pursuant to this Final Judgment, the following entities shall transfer all funds and BIZM shares held in Defaulting Defendants' accounts (including the accounts listed below) and make payment such funds and shares held in Defaulting Defendants' names to the Commission, which shall provide detailed ACH transfer/Fedwire instructions upon request:

    A.    Legend Securities LLC

        1. Gonzalo Garcia Blaya

        2. Lucia Mariana Hernando

        3. Andres Horacio Ficicchia

        4. Cecilia De Lorenzo

    B.    Scottsdale Capital Advisors

        1. Magdalena Tavella

        2. Daniela Patricia Goldman

        3. Adriana Rosa Bagattin

        4. Mariano Pablo Ferrari

        5. Andres Horacio Ficicchia

Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Payment may also be made by

certified check, bank cashier's check, or United States postal money order payable to the

Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and

name of this Court; the name of the defendant in this action; and specifying that payment

is made pursuant to this Final Judgment.    Defaulting Defendant payer shall

simultaneously transmit photocopies of each such payment and letter to the

Commission's counsel in this action: Patrick M. Bryan, 100 F Street, N.E., Washington,

D.C. 20549-4030.    Defaulting Defendants relinquish all legal and equitable right, title,

and interest in all funds paid pursuant to this Final Judgment, and no part of the funds

shall be returned to Defaulting Defendants.    The Commission may enforce the Court's

judgment for disgorgement by moving for civil contempt (and/or through other collection

procedures authorized by law) at any time after ten days following entry of this Final

Judgment.    In response to any such civil contempt motion by the Commission, Defaulting

Defendants may assert any legally permissible defense.

## V.

Further to the Stipulation and Order Granting Preliminary Injunction, Asset

Freeze, and Other Relief, entered on 7/17/2013 (the "Asset Freeze Order") freezing the

assets of Defendants, including those held in the accounts referenced above in Section III

and previously enumerated in the Asset Freeze Order, the Court finds that such assets are

the proceeds of the violations alleged in the Commission's Complaint.    Accordingly,

pursuant to the Court's personal jurisdiction over Defaulting Defendants, Defaulting

Defendants are hereby ordered to repatriate the referenced assets by 30 days after entry of a judgment of default, to the Commission, which shall provide detailed ACH transfer/Fedwire instructions upon request, and to execute any consents, pleadings, or other legal documents as the Commission may require to effect the transfer of such assets in accordance with this Final Judgment, with the understanding that such assets shall be used to satisfy disgorgement only.

## VI.

The Commission shall deposit the funds received pursuant to sections III, IV, and V of this Final Judgment into an interest bearing account which, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on any payment of disgorgement in this action, argue that he, she or it is entitled to, nor shall he, she or it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, the

8

Defendant beneficiary of such Penalty Offset shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against a Defendant in this action by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction over this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the clerk is ordered to enter this Final Judgment forthwith and without further notice.

DATED   January 9, 2015.

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE